# THE ATTORNEY GENERAL
# OF TEXAS


January 16, 1956

Honorable Walter L. Bell
Executive Director
State Board of Control
Austin, Texas

Opinion No. S-187

Re: Contract for interchange of products between institutions operated by the Board for Texas State Hospitals and Special Schools.

Dear Mr. Bell:

You have requested an opinion on the following question:

"Are contracts drawn pursuant to the provision of the Interagency Cooperation Act, Article 4413(32) Vernon's Civil Statutes, the correct procedure for transferring livestock, farm and garden products, milk, creamery products, beef, pork, and ice between the several agencies under the control of the Board of Texas State Hospitals and Special Schools?"

All the materials, supplies and services mentioned in the foregoing question are used by the various institutions under the control of the Board for Texas State Hospitals and Special Schools.

The purpose of the interagency contracts referred to in your request is stated in a letter to you by Mr. O. G. Hereford, Supervisor of Central Supply Services for the Board for Texas State Hospitals and Special Schools, as follows:

"The Austin State Hospital maintains ice making facilities and sells ice to institutions in the Austin area since the other institutions do not maintain such facilities.

"Also, the Austin State Hospital, Austin State School, State School Farm Colony, and the Texas Blind, Deaf and Orphan School

operate gardens and farms, and any surplus items produced are interchanged between these institutions.

"In the same line you will note that there are contracts for dairy and milk products since the Austin State Hospital operates a Central Creamery for the making of cooking milk and buttermilk that is sold to the other Austin institutions. In the past this operation was handled through the Central Warehouse System; but since the dissolution of the Central Warehouse, these contracts between the institutions are necessary.

"We should like to point out also that some institutions operate dairy and hog farms with all surplus dairy cattle and hogs interchanged, through the Inter-Agency Cooperation Contracts, with other institutions."

Section 3 of Article 4413(32), Vernon's Civil Statutes, provides in part as follows:

"Any State agency may enter into and perform a written agreement or contract with other agencies of the State for furnishing necessary and authorized special or technical services, including the services of employees, the services of materials, or the services of equipment. . . ."

In construing the provisions of Article 4413(32), it was stated in Attorney General's Opinion S-138 (1954):

"It should be noted that the three types of authorized services - services of employees, services of materials, and services of equipment - are listed disjunctively. Thus, a contract may be for each type separately or for any combination of the three. Looking to the complete language of the statute, we think the term 'furnishing services' is used

in the broad sense of making the particu-
lar commodity (labor, materials or equip-
ment) available for the benefit or use of
the receiving agency instead of in the
narrow sense of performance of labor or
useful work.  It is our opinion that
either materials or equipment may be fur-
nished without any further attendant
'services'."

In that opinion, a copy of which is enclosed,
this office held that interagency contracts between two
branches of A. & M. College, whereby the Experiment Sta-
tion would furnish milk produced in its dairy husbandry
department to the College creamery, and the contract where-
by the Agricultural Experiment Station sold seed rice,
which had been produced on its substation farms, to the
Texas Prison System for crop planting on one of the Prison
System's farms, were authorized by the provisions of
Article 4413(32).  By like reasoning, it is our opinion
that various products in the custody of one institution
under the control of the Board for Texas State Hospitals
and Special Schools may be transferred to other institu-
tions by interagency contracts entered into pursuant to
the provisions of Article 4413(32).  The only limitation
on the volume of these agreements is contained in Section
5 of Article 4413(32), which provides that such contracts
cannot exceed the limitations of the institution's ap-
propriated funds.

It was not the intention of the Legislature by
the enactment of this Statute to permit State Agencies to
engage in private enterprise or to compete with farmers,
ranchers, dairymen or other private business.  However,
under existing laws some interagency agreements have this
effect, and additional legislation will be necessary if
these practices are to be prohibited.

## SUMMARY

Livestock, farm and garden products, milk, creamery products, beef, pork and ice may be transferred between the several agencies under the control of the Board for Texas State Hospitals and Special Schools by interagency contracts drawn pursuant to the provisions of Article 4413(32).

Yours very truly,

APPROVED:

JOHN BEN SHEPPERD
Attorney General

J. C. Davis, Jr.
County Affairs Division

By

John Reeves
Assistant

Mary K. Wall
Reviewer

J. A. Amis, Jr.
Reviewer

L. W. Gray
Special Reviewer

Davis Grant
First Assistant

John Ben Shepperd
Attorney General

JR:zt